# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0798V
Filed: August 13, 2019
UNPUBLISHED

|  |  |
|---|---|
| LISA TAYLOR,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Bobbie L. Flynt, CPW LAW, LLC, Chargrin Falls, OH, for petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On June 6, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her June 7, 2017 tetanus-diphtheria-acellular pertussis ("Tdap") vaccination. Petition at 1. On May 22, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 29.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 3, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 34.  Petitioner requests attorneys' fees in the amount of $26,761.50 and attorneys' costs in the amount of $965.63.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 33.  Thus, the total amount requested is $27,727.13.

On June 17, 2019, respondent filed a response to petitioner's motion.  ECF No. 35.  Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

2

**II.     Attorney Fees**

     A.  Hourly Rates

Petitioner requests compensation for attorney Bobbie Flynt at the rate of $400 per hour for all time billed in this case.  ECF No. 34-1 at 1.  Ms. Flynt billed for time spent on tasks in 2018 and 2019.  Ms. Flynt's states in her affidavit she became a licensed attorney in the state of Ohio in 1996, which places her in the range of attorneys' with 20 – 30 years' experience during this case.  *Id.* at 1.  Ms. Flynt was previously awarded the rate of $370 per hour by the undersigned for work performed in 2018.  *Schaffer v. Sec'y of Health & Human Servs.*, No. 17-1295, 2018 WL 5276602, (Fed. Cl. Spec. Mstr. September 5, 2018).

While the requested rates for 2018 and 2019 are within the appropriate experience range on the Court's Attorneys' Hourly Rate Fee Schedule, the rates are at the high end of the spectrum given her limited experience in the Vaccine Program and her overall legal experience.[3]  *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[4]  As such, the undersigned reduces Ms. Flynt's hourly rate to $370 per hour for 2018 consistent with the undersigned' reasoning and award in *Schaffer*, and $385 per hour for 2019.

This results in a reduction of attorney's fees requested in the amount of **$1,527.00**.[5]

     B.  Travel Time

In the Vaccine Program, special masters traditionally have compensated for time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use

---

[3] In the affidavit filed with Motion for Attorney's Fees, Ms. Flynt states that she began working on vaccine cases in 2016 and this is the "second vaccine case [she] has taken to settlement."  ECF No. 34-1 at 1.

[4] Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for 2019 and are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf

[5] This amount consists of ($400 - $370 = $30 x 39.9 hrs = $1,197) + ($400 - $385 = $15 x 22 hrs = $330) = $1,527.00.

this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Ms. Flynt's' billing records show two entries, billed for three hours each, as "Travel to and from Sandusky, OH for meeting with client." ECF No. 34-2 at 1-2. Based on the undersigned's review and assessment of petitioner's billing records, petitioner will be awarded fees for travel at a reduction of 50 percent for each entry. This results in a reduction of fees requested in the amount of **$1,110.00**.[6]

### C. Administrative Time

Upon review of the billing records submitted, it appears that several entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). These entries describe time spent sending requests for petitioner's medical records. While preparing records requests are valid billable tasks, the act of sending the requests is administrative. The billing entries in question do not state that the requests were prepared, just that the requests were sent. The undersigned reduces the request for attorney fees by **$367.20**,[7] the total amount of time billed for the tasks considered administrative in nature.

## III. Attorney Costs

Petitioner requests reimbursement for attorney costs incurred by counsel in the amount of $965.63. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs and petitioner's costs sought.

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[6] This amount consists of $370 x 6 hrs = $2,220.00 x .50 = $1,110.00.

[7] This amount consists of $153 x 2.4 hrs = $367.20.

**Accordingly, the undersigned awards the total of $24,722.93[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Bobbie L. Flynt.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.